NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CESAR S., *Appellant,*

v.

DEPARTMENT OF CHILD SAFETY, C.S., R.S., *Appellees.*

No. 1 CA-JV 18-0028
FILED 7-10-2018

Appeal from the Superior Court in Maricopa County
No. JD32132
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn Rachelle Williams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Cesar S. ("Father") appeals the superior court's order terminating his parental rights to C.S. and R.S. ("the Children"). We affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        Father and Extacy T. ("Mother")[1] are the biological parents of C.S., born in September 2013, and R.S., born in December 2014. The Children suffer from neurofibromatosis, a genetic disorder that requires close and constant monitoring to avoid cancerous tumors, breathing problems, heart issues, loss of vision and loss of hearing.

**¶3**        The Department of Child Safety ("DCS") took temporary custody of the Children in February 2016 due to Mother and Father's substance abuse, domestic violence and disregard of C.S. and R.S.'s medical needs. DCS offered family preservation services to Father, but he declined. DCS placed the Children in a foster home that met their developmental and medical needs.

**¶4**        DCS petitioned the superior court to find the Children dependent, alleging Father was unable to parent due to substance abuse, domestic violence and neglect. Father denied the allegations in the dependency petition but submitted the issue to the superior court, which found the Children dependent in September 2016. The court adopted a plan of family reunification and referred Father for substance abuse assessment and treatment services, random urinalysis testing and parent-aide services.

**¶5**        Father grappled with substance abuse and law enforcement after removal. In April 2017, he tested positive for an assortment of illegal drugs, including methamphetamine, amphetamine, cocaine, morphine and heroin. The following month, he was arrested for driving a stolen vehicle.

---

[1]        Mother's parental rights were also terminated after she entered a plea of no contest in the severance proceeding. She is not a party to this appeal.

And in June 2017, he was sentenced to 1.5 years in prison. Father completed none of the services DCS offered before he was incarcerated and ultimately failed to alleviate concerns regarding "sobriety, stable housing, and attending [the Children's] medical appointments."

¶6 In May 2017, DCS moved to terminate Father's parental rights on grounds of his substance abuse, length of prison sentence and the Children's time in out-of-home placement. The superior court held a contested three-day severance hearing and heard testimony from Father and the DCS case manager. In January 2018, the court issued a detailed minute entry terminating Father's parental rights to R.S. and C.S. The court found that DCS proved three statutory grounds and termination was in the Children's best interests.

¶7 Father timely appealed. We have jurisdiction pursuant to Ariz. Const. art. VI, § 9, and A.R.S. § 8-235(A).

**DISCUSSION**

¶8 To terminate parental rights, a court must find clear and convincing evidence of at least one statutory ground articulated in A.R.S. § 8-533(B) and that termination is in a child's best interests by a preponderance of the evidence. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). We will affirm a severance order unless it is clearly erroneous. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). We accept the court's findings of fact unless no reasonable evidence supports them, *id.*, and view the evidence in the light most favorable to upholding the order. *See Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 97, ¶ 20 (App. 2009).

¶9 Father does not challenge the superior court's finding of three statutory grounds for severance. Instead, he only argues that termination of his parental rights was not in the Children's best interests. The best-interests prong requires the court to determine whether "the child would benefit from a severance *or* be harmed by the continuation of the relationship." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004) (quotation omitted).

¶10 The record contains reasonable evidence to support the superior court's finding that severance was in the best interests of the Children. To begin, the court found clear and convincing evidence of three statutory grounds for termination, including substance abuse, length of Father's prison sentence and the Children's time in out-of-home placement. We have recognized that "[i]n most cases, the presence of a statutory

ground will have a negative effect on the children." *Maricopa Cty. Juv. Action No. JS-6831*, 155 Ariz. 556, 559 (App. 1988).

¶11 And, severance made it possible for the Children to be adopted. *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 10 (App. 2016) (severance "make[s] the Children eligible for adoption"). The court found that "there is a plan for adoption and if the current case plan cannot for any reason move forward, the [C]hildren are adoptable." DCS had identified two prospective kinship placements for the Children, including the paternal aunt and maternal grandmother.

¶12 The court also found the Children's current foster placement had met their developmental and medical needs. *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 350, ¶ 23 (App. 2013) (best-interests analysis considers "whether the current placement is meeting the child's needs"). The foster parents had not missed a single medical appointment for the Children with "all of their numerous specialty doctors." In this regard, the specialized placement ensured that "more attention could be given to [the Children]." In sum, there is reasonable evidence in the record to support the superior court's best-interests finding.

¶13 Father argues that severance was not in the Children's best interests because no adoptive placement had been identified, he shares the same genetic disorder as the Children, his prison sentence was relatively short and he maintained a close bond with the Children. We are not persuaded. First, the superior court considered and rejected the same evidence. We decline to reweigh that evidence. *Dominique M.*, 240 Ariz. at 97-98, ¶¶ 6, 9.

¶14 Second, the best-interests analysis does not require DCS to have an immediate adoption plan in place at the time of severance when the child is "adoptable." *Mary Lou C.*, 207 Ariz. at 50, ¶ 19. Moreover, the evidence indicated that "the Children's needs were being met in their current placements," without regard to an "identified adoptive placement," which supports the best-interests finding. *Dominique M.*, 240 Ariz. at 98, ¶ 11.

¶15 Third, while Father also suffers from neurofibromatosis, he has not demonstrated that the Children would receive better medical treatment in his care. Just the opposite. He has neglected his own medical condition, not visiting a doctor since he was eighteen years old. He likewise failed to get treatment for his Children's medical needs when he cared for them, leading in part to their initial removal.

¶16     And last, though a bond between parent and child is relevant to the best-interests analysis, it is not dispositive. *Bennigno R.*, 233 Ariz. at 351, ¶ 30 (severance affirmed despite evidence of parents' bond with children). The court received and considered evidence of Father's bond with the Children. *Dominique M.*, 240 Ariz. at 98-99, ¶ 12. But the court also considered evidence of Father's drug use, neglect and criminal history.

## CONCLUSION

¶17     We affirm the superior court's order terminating Father's parental rights to the Children.



AMY M. WOOD • Clerk of the Court
FILED:  AA