NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

BRANDON H., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, K.M., A.M., *Appellees.*

No. 1 CA-JV 18-0434
FILED 5-30-2019

Appeal from the Superior Court in Maricopa County
No. JD32448
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise Lynn Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**J O N E S**, Judge:

**¶1**		Brandon H. (Father) appeals the juvenile court's order terminating his parental rights to K.M. and A.M. (the Children), arguing: (1) the court erred in terminating his parental rights without first finding the Department of Child Safety (DCS) made diligent efforts to provide reunification services while he was incarcerated; and (2) DCS failed to prove termination was in the Children's best interests by a preponderance of the evidence.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**		In April 2016, DCS filed a petition alleging then-nine-month-old K.M. was dependent as to Father on the grounds of neglect arising out of domestic violence, substance abuse, and unresolved mental health issues.[1]  In May 2017, Father pleaded guilty to possession of a dangerous drug and misconduct involving weapons and was sentenced to two-and-a-half years' imprisonment.  A.M. was born a few months later, and, after the Children's mother (Mother) failed to comply with the case plan, the juvenile court changed the case plan to severance and adoption.[2]

**¶3**		DCS moved to terminate Father's parental rights on the grounds of abandonment and lengthy incarceration.  At trial in September 2018, the DCS caseworker reported that neither of the Children had a relationship with Father and he was not expected to be released from prison for another nine months.  Meanwhile, the Children were adoptable and in an adoptive placement with their maternal grandmother, who was meeting their regular and special needs.  The caseworker testified that termination

---

[1]		"We view the facts . . . in a light most favorable to sustaining the juvenile court's findings."  *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2, ¶ 2 (2016) (citing *Maricopa Cty. Juv. Action No. JS-8490*, 179 Ariz. 102, 106 (1994)).

[2]		Mother did not contest the motion to terminate her parental rights and is not a party to this appeal.

of Father's parental rights would free the Children for permanency in a safe, stable, drug-free home.

**¶4**         Father testified he could be released early and planned to return to his parents' home and previous employment immediately thereafter.  Father stressed his engagement in services, both before and during his incarceration, and testified he believed it was better for the Children to wait for his release because they love him and "need their father."

**¶5**         After taking the matter under advisement and considering the length of Father's prison sentence and its effect on his relationship with the Children, *see Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251-52, ¶ 29 (2000), the juvenile court found DCS had proved by clear and convincing evidence that termination of Father's parental rights was warranted on the grounds of his incarceration.  *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(4).[3]  The court also found severance was in the Children's best interests and entered an order terminating Father's parental rights.  Father timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

### I.    Reunification Efforts Would Have Been Futile.

**¶6**         Father argues the juvenile court erred in terminating his parental rights without finding DCS had made a diligent effort to provide him with reunification services.  Father concedes that reunification services are not required by statute where, as here, severance is sought based upon the parent's incarceration.  Nevertheless, Father contends a diligent-efforts finding is necessary to ensure a parent is not unconstitutionally deprived of his fundamental right to parent without due process.

**¶7**         We generally review constitutional issues *de novo.  Brenda D. v. DCS*, 243 Ariz. 437, 442, ¶ 15 (2018) (citing *State v. Nordstrom*, 230 Ariz. 110, 115, ¶ 17 (2012)).  However, even if there may be a general constitutional obligation to provide reunification services, "there is no constitutional mandate to undertake reunification efforts that are futile."

---

[3]      Absent material changes from the relevant date, we cite the current version of rules and statutes.

*James H. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 1, 2, ¶ 8 (App. 2005) (citing *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 193, ¶ 42 (App. 1999)).

**¶8**　　　　A parent's rights may be severed when "the parent is deprived of civil liberties due to the conviction of a felony . . . if the sentence of that parent is of such length that the child will be deprived of a normal home for a period of years." A.R.S. § 8-533(B)(4). This Court has previously held that reunification services are futile where severance is sought on the grounds of a lengthy incarceration:

> The damage to the parent-child relationship that justifies severance stems from the enforced physical separation of the parent from the child, and nothing the Department has to offer in the way of services can affect that reality. Nor could [the parent] by participating in services remedy his inability to provide a normal home for the children for the period for which he will be incarcerated.

*James H.*, 210 Ariz. at 3, ¶ 9; *accord James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 354, ¶ 14 n.4 (App. 1998). This conclusion remains sound. Thus, to the extent any general constitutional obligation to provide reunification services exists, it was not violated here.

**¶9**　　　　Father does not otherwise challenge the juvenile court's conclusion that his incarceration deprived the Children of a normal home for a period of years, *see* A.R.S. § 8-533(B)(4), and thus has waived and abandoned any contention that the court erred in granting severance on this basis, *see Crystal E. v. DCS*, 241 Ariz. 576, 577, ¶ 5 (App. 2017) (citing *State v. McCall*, 139 Ariz. 147, 163 (1983), and *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 14 n.6 (App. 2011)). Accordingly, we affirm the court's conclusion that DCS proved the statutory ground for severance.

## II.　　DCS Proved Termination Was in the Children's Best Interests by a Preponderance of the Evidence.

**¶10**　　　　Father argues the juvenile court abused its discretion by finding termination was in the Children's best interests because he shares a bond with them and has made efforts to improve his ability to parent. We review the best-interests finding for an abuse of discretion and will reverse only if "as a matter of law, no reasonable fact-finder could have found the evidence satisfied the applicable burden of proof." *Titus S. v. DCS*, 244 Ariz. 365, 369, ¶ 15 (App. 2018) (citing *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004), and *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 94-95, ¶¶ 9-10 (App. 2009)).

¶11 The existence of a bond between the parent and child, "although a factor to consider, is not dispositive in addressing best interests." *Dominique M. v. DCS*, 240 Ariz. 96, 98, ¶ 12 (App. 2016) (citing *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 351, ¶ 30 (App. 2013)). Rather, the juvenile court must consider all relevant facts and determine, on a case-by-case basis, whether a preponderance of the evidence supports a finding that the child "would derive an affirmative benefit from termination or incur a detriment by continuing in the relationship." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. at 332, 334, ¶ 6 (App. 2004); *accord Demetrius L.*, 239 Ariz. at 4, ¶ 16. Generally, a child will benefit from the opportunity for permanency in lieu of remaining in a situation where a parent maintains parental rights but is unavailable to assume parental responsibilities. *See Oscar O.*, 209 Ariz. at 337, ¶ 16 (quoting *Maricopa Cty. Juv. Action No. JS-6520*, 157 Ariz. 238, 243 (App. 1988)). The court may also consider whether the existence of a statutory ground for severance will have a negative effect upon the child. *Bennigno R.*, 233 Ariz. at 350, ¶ 23 (quoting *Maricopa Cty. Juv. Action No. JS-6831*, 155 Ariz. 556, 559 (App. 1988)).

¶12 Here, the juvenile court found that Father's efforts to engage in services and maintain contact with the Children while incarcerated, although commendable, were "no substitute for the consistent and personal contact required to maintain or build a relationship with . . . two young children." Accordingly, "[t]he hard reality remain[ed] that [Father] will be a stranger to both [the Children] upon his release" and will require even more time to build a bond, establish a suitable home, and demonstrate he can remain drug-free. Meanwhile, the Children were placed with their maternal grandmother, who was meeting their needs and willing to provide a safe, stable, and permanent home.

¶13 The record supports these findings and provides an adequate basis to conclude that termination is in the Children's best interests. We will not second-guess the juvenile court's assessment of the evidence on appeal. *See Oscar O.*, 209 Ariz. at 334, ¶ 4 ("A juvenile court as the trier of fact in a termination proceeding is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts.") (citing *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002)). Accordingly, we find no abuse of discretion.

**CONCLUSION**

**¶14** The juvenile court's order terminating Father's parental rights to the Children is affirmed.

