IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

DOMINIQUE M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.M., A.M., *Appellees.*

No. 1 CA-JV 15-0032
FILED 7-12-2016

———————————————

Appeal from the Superior Court in Maricopa County
No. JD18130
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

———————————————

COUNSEL

Law Office of Anne M. Williams, P.C., Mesa
By Anne M. Williams
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee Department of Child Safety*

_____

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

_____

**W I N T H R O P**, Judge:

¶1        Dominique M. ("Mother") appeals the juvenile court's order severing her parental rights to J.M. and A.M. (collectively "the Children"). Mother does not contest the finding of statutory grounds for severance, but contends the juvenile court erred in concluding severance was in the Children's best interests.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        J.M. is a male child born in 2010, and A.M. is a female child born in 2013.  Both came into care of the Department of Child Safety ("DCS") due to domestic violence, substance abuse, Mother's mental illness, and the then-ongoing severance proceedings of Mother's two other children.  The trial court found J.M. and A.M. dependent as to Mother in August 2012 and September 2013, respectively.

¶3        DCS offered Mother an array of services and assistance designed to promote reunification, e.g., substance rehabilitation services, parental aide services, mental health treatment and counseling, and transportation.  Mother, however, failed to fully comply and remained unable to discharge her parental responsibilities.  She was still engaged in domestic violence.  Mother also did not regularly participate in drug testing and, when she participated, she did not consistently test negative for illegal substances.   Mother refused to take medication prescribed for her psychiatric and psychological conditions, instead relying on Benadryl and marijuana, for which she did not hold a valid medical marijuana card.

¶4        In September 2013, the Children's guardian *ad litem* moved to sever the parental relationship between Mother and the Children on the grounds of willful abuse, mental illness, chronic abuse of dangerous drugs,

prior severance of parental rights for the same cause,[1] cumulative fifteen-month out-of-home placement, cumulative six-month out-of-home placement (for A.M. only), and asserted severance would serve the best interests of the Children. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(2), (3), (8)(b)-(c), (10).[2] After an adjudication, the juvenile court found DCS had met its burden of proving the various statutory grounds and that severing Mother's parental rights was in the Children's best interests.[3]

**¶5** Mother timely appealed. We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; A.R.S. § 8-235(A); and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.

## ANALYSIS

**¶6** Mother appeals only the juvenile court's finding that severance of her parental rights was in the Children's best interests. On appeal, we do not reweigh evidence and will affirm the juvenile court's factual findings if supported by reasonable evidence. *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 93-94, ¶ 4, 210 P.3d 1263, 1264-65 (App. 2009); *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12, 53 P.3d 203, 207 (App. 2002).

**¶7** Parental rights in the care, custody, and management of their children are fundamental, but not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24, 110 P.3d 1013, 1018 (2005) (citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12, 995 P.2d 682, 684 (2000)). Although fundamental, parental rights are not inviolate; a court may still sever those rights if it finds clear and convincing evidence of one of the statutory grounds for severance, and also finds by a preponderance of the evidence that severance is in the best

---

[1] Mother's rights to her two other children were previously severed in a separate proceeding less than two years ago; the ground asserted in that instance was cumulative fifteen-month out-of-home placement.

[2] We cite the current version of the applicable statutes unless revisions material to this opinion have occurred since the events in question.

[3] On the motion of the guardian *ad litem*, the juvenile court also severed the Children's fathers' parental rights. This court dismissed the fathers' separate appeals after their attorneys avowed they had reviewed the entire record but found no non-frivolous issue to raise.

interests of the children. *See* A.R.S. §§ 8-533(B), -537(B); *Kent K.*, 210 Ariz. at 281-82, 288, ¶¶ 7, 41, 110 P.3d at 1015-16, 1022.

¶8 In proving severance is in the children's best interests, DCS must show either that severance affirmatively benefits the children (such as showing they are adoptable or more stable in an existing placement), or eliminates a detriment to the children if the parent-child relationship is not severed. *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 6-7, 804 P.2d 730, 735-36 (1990); *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6, 100 P.3d 943, 945 (App. 2004).

¶9 On appeal, Mother contends DCS failed to show the benefits of severance, arguing that she and the Children were bonded; that she had regularly visited the Children during the pendency of the case, and brought food, clothing, money, and gifts to the visits; and that DCS lacked an identified adoptive plan for J.M. Even assuming *arguendo* the record supports these contentions, Mother is in essence asking us to reweigh the evidence presented to the juvenile court. We decline to do so.

¶10 Reasonable evidence in the record supports the juvenile court's express finding that severance was in the best interests of the Children. The juvenile court found that A.M.'s prospective adoptive placement would meet her needs and provide stability, and that J.M. was adoptable. Severance would make the Children eligible for adoption. At the same time, the juvenile court found that, if the parental relationship continued, the Children would remain at significant risk for abuse and neglect. These findings demonstrate both affirmative benefits from severance and the elimination of potential detriments if the parent-child relationship is not severed. *See JS-500274*, 167 Ariz. at 6, 804 P.2d at 735 (recognizing that the existence of an adoptive plan or being freed from an abusive parent shows a benefit).

¶11 Mother contends severing her relationship with J.M. is not in his best interests because DCS currently does not have an adoptive plan for him and he would be "orphaned" after the severance. Mother, however, does not deny that J.M. is adoptable, and it is well established that "adoptable" status is a benefit that may, in consideration with other factors, support the "best interests" finding. *See Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 352, 884 P.2d 234, 238 (App. 1994) (stating the government need not show an adoption plan existed, but instead must show the child is adoptable). Moreover, even without an identified adoptive placement waiting, the record shows the Children's needs were being met in their current placements, which also supports the juvenile

court's best interests finding. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5, 982 P.2d 1290, 1291 (App. 1998) (stating one of the factors favoring severance is that the current placement is meeting the child's needs). In addition, Mother does not contest any of the statutory grounds for severance. Absent severance, the continued presence of the conceded statutory grounds for severance also may, in certain cases, negatively affect the children. *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 350, ¶ 23, 312 P.3d 861, 866 (App. 2013); *Maricopa Cty. Juv. Action No. JS-6831*, 155 Ariz. 556, 559, 748 P.2d 785, 788 (App. 1988). All of these factors demonstrate the benefits of severance or the detriment of a continued parental relationship, and more than adequately support the conclusion that reasonable evidence supports the trial court's finding of best interests.

¶12 Finally, Mother repeatedly states she and the Children are bonded and argues that continuing her relationship with the Children is critical to maintaining such bond, which would in her opinion be in their best interests. The existence and effect of a bonded relationship between a biological parent and a child, although a factor to consider, is not dispositive in addressing best interests. *Bennigno R.*, 233 Ariz. at 351, ¶ 30, 312 P.3d at 867. Even in the face of such a bond, the juvenile court is required to evaluate the totality of circumstances and determine whether severance is in the best interests of the children. *Id.* at 351-52, ¶ 31, 312 P.3d at 867-68 (citing cases). Here, the juvenile court did consider the totality of the circumstances and, as concluded above, reasonable evidence in the record supports the juvenile court's finding of best interests.

## CONCLUSION

¶13 For the foregoing reasons, we affirm the juvenile court's order severing Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: AA