NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROGER W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.W., L.W., *Appellees*.

No. 1 CA-JV 16-0265
FILED 1-24-2017

Appeal from the Superior Court in Maricopa County
No. JD27238
The Honorable Alison S. Bachus, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellee*, Department of Child Safety

---

**MEMORANDUM DECISION**

---

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S**, Judge:

**¶1**         Roger W. appeals the juvenile court's order terminating his parental rights to A.W. and L.W. On appeal he challenges the juvenile court's findings that termination of his parental rights was in the children's best interests. We reject Roger's arguments and affirm.

**¶2**         The juvenile court granted the Department of Child Safety's ("DCS") petition to find A.W. and L.W. dependent as to both Roger and their mother and ordered a case plan of family reunification for both parents. Roger failed to participate in family reunification services, and DCS later moved to terminate Roger's, and the children's mother's, parental rights. Roger subsequently pled guilty to one count of aggravated assault and domestic violence and was sentenced to 3.5 years of imprisonment. Roger committed this offense when he went to the children's mother's workplace, forced his way inside, and started fighting her.

**¶3**         At the conclusion of the contested termination hearing, the juvenile court found, by clear and convincing evidence, that DCS had proven three statutory grounds for termination of Roger's parental rights—chronic and prolonged substance abuse, Arizona Revised Statutes ("A.R.S.") section 8-533(B)(3) (Supp. 2015), length of incarceration, A.R.S. § 8-533(B)(4), and out of home placement for 15 months or longer, A.R.S. § 8-533(B)(8)(c). The juvenile court also found termination of Roger's parental rights was in the best interests of A.W. and L.W.

**¶4**         The juvenile court denied DCS's motion to terminate the children's mother's parental rights. The court found she had addressed most of the concerns that had led DCS to move to terminate her parental rights and, further, termination of her parental rights would not be in the children's best interests.

**¶5**         On appeal, Roger does not challenge the statutory bases for termination of his parental rights. Instead, he argues termination was not in the children's best interests because DCS failed to prove by a

preponderance of the evidence the children would either benefit from termination of his parental rights or be harmed if his parental rights were not terminated. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22, 110 P.3d 1013, 1018 (2005) (best interests findings must be supported by preponderance of evidence). Viewing the evidence and reasonable inferences from the evidence in the light most favorable to sustaining the juvenile court's decision, we reject this argument. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18, 219 P.3d 296, 303 (App. 2009) (citation omitted).

**¶6**        We will affirm a juvenile court's termination of a parent's parental rights when, as here, it is supported by reasonable evidence. *See id.* at 93, ¶ 18, 219 P.3d at 303. Here, as the juvenile court found, DCS presented ample evidence that the children would be harmed if Roger's parental rights were not terminated. This evidence included Roger's history of domestic violence, his aggravated assault against the children's mother, his use of drugs since the age of thirteen—which he testified would likely continue—and his complete failure to make any effort to maintain a relationship with the children during his current incarceration.

**¶7**        Moreover, as the juvenile court noted, Roger had refused to participate in the majority of the reunification services offered by DCS, including domestic violence services and TERROS. Thus, reasonable evidence supported the juvenile court's findings that it would be "detrimental" to A.W. and L.W. to continue Roger's parental relationship. *See Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 11, 376 P.3d 699, 701 (App. 2016) (continuance of conceded statutory grounds for severance supported juvenile court's finding termination was in children's bests interests).

**¶8**        Roger also argues that, as a matter of law, the court should not have terminated his parental rights because it did not terminate the mother's parental rights. In making this argument, Roger contends it is never in a child's best interests to terminate the rights of one parent. Exercising de novo review, we reject this argument. *See Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488, ¶ 12, 353 P.3d 364, 368 (App. 2015) (appellate court reviews de novo legal issues requiring juvenile court to interpret or apply a statute).

**¶9**        First, Arizona law focuses on the best interests of the child. *See* A.R.S. § 8-533(B) (in addition to considering evidence supporting statutory basis for termination "court shall also consider the best interests of the child"). When evaluating best interests, "the juvenile court is required to

evaluate the totality of the circumstances and determine whether severance is in the best interests of the children." *Dominique M.*, 240 Ariz. at 99, ¶ 12, 376 P.3d at 702 (citation omitted). In making this assessment a juvenile court may weigh different factors. *See Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 350, ¶ 23, 312 P.3d 861, 866 (App. 2013) (court may consider such factors as whether child is adoptable and whether placement is meeting child's needs) (citations omitted). And, as relevant here, a juvenile court's finding that termination of only one parent's parental rights is in the best interests of a child does not preclude it from terminating that parent's rights. *Cf. Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 5-6, ¶¶ 20-22, 365 P.3d 353, 357-58 (2016) (affirming termination of father's parental rights to child living with mother and stepfather; reasonable evidence supported juvenile court's finding of affirmative benefit due to stepfather's plan to adopt child).

**¶10**        Second, as discussed above, ample evidence supports the juvenile court's best interests findings. In addition to the evidence discussed above, *see supra* ¶¶ 6-7, the juvenile court identified notable differences between the children's mother and Roger; not only had she obtained stable housing and employment, but she had ended her relationship with Roger and completed both domestic violence services and individual counseling. Further, the children's mother, unlike Roger, had a strong bond with A.W. and L.W.

**¶11**        Accordingly, the juvenile court correctly applied Arizona law in finding termination of Roger's parental rights was in A.W.'s and L.W.'s best interests, even though, at the same time, it found termination of the mother's parental rights was not.

**¶12**        For the foregoing reasons, we affirm the juvenile court's order terminating Roger's parental rights to A.W. and L.W.



AMY M. WOOD • Clerk of the Court
FILED:  AA