NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FRANCISCO V., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.V., D.V., E.V.,
*Appellees.*

No. 1 CA-JV 18-0013
FILED 7-24-2018

Appeal from the Superior Court in Maricopa County
No. JD31644
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Thomas A. Vierling, Attorney at Law, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra A. Nahigian
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge James B. Morse Jr. joined.

---

**B E E N E**, Judge:

¶1            Francisco V. ("Father") appeals the termination of his parental rights to his three children, A.V., D.V., and E.V. (collectively "the Children"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Father and Margarita V. ("Mother") are the biological parents of the Children. E.V. was born September 2015 with no health problems or abnormalities. E.V. then developed colic and cried often. On November 3, 2015, after a particularly intense bout of crying, Mother took E.V. to the doctor. The doctor sent E.V. to Phoenix Children's Hospital via ambulance after noticing blood coming from E.V.'s nose and mouth and bruises on her chest.

¶3            An examination at the hospital revealed that E.V. had 23 rib fractures in various states of healing and a broken leg. E.V. also had bruises across her body that resembled finger marks from blows or strikes. After ruling out potential causes of brittle bones and easy bruising, the hospital team suspected abuse and notified the police.

¶4            When interviewed by a detective, Father admitted that he squeezed E.V. around the chest with both hands. Another witness told the detective that he saw Father grab E.V. hard and hurt her when she was crying.

¶5            In November 2015, the Department of Child Services ("DCS") removed the Children from the home and filed a dependency petition for the Children as to Mother and Father. The Children were found dependent as to both Mother and Father in May 2016. DCS then moved to sever the parental rights of Mother and Father in June 2016 on the grounds of abuse under Arizona Revised Statute ("A.R.S.") section 8-533(B)(2).

¶6            At the termination hearing, Father testified that the detective misinterpreted his statements about squeezing E.V. He could not explain

E.V.'s injuries but opined that he believed E.V. did not receive proper medical care to explore underlying diseases. Pathologist Dr. Richard Trepeta testified that E.V.'s bones may have been brittle from an unidentified disease, and the team at Phoenix Children's Hospital should have performed a bone biopsy on E.V. He conceded, however, that E.V.'s injuries could have been caused by non-accidental trauma.

¶7        Roger Blevins, a nurse practitioner who examined E.V., testified that performing a bone biopsy was not medically necessary because there was no indication from other tests that she had an underlying disease, and a bone biopsy would have exacerbated her injuries. He testified that the hospital team ruled out other potential causes of E.V.'s injuries and concluded that they were caused by abuse.

¶8        In December 2017, the superior court terminated Father's rights to the Children on grounds of abuse and found severance would be in the Children's best interests.[1] Father timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

**DISCUSSION**

¶9        The right to parent one's child is fundamental but not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). The superior court may terminate parental rights if it finds, "by clear and convincing evidence, at least one of the statutory grounds set out in section 8-533," and by a preponderance of the evidence that termination is in the best interests of the child. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶ 12 (2000); *Kent K.*, 210 Ariz. at 284, ¶ 22.

¶10        "[W]e view the evidence and reasonable inferences to be drawn from it in the light most favorable to sustaining the court's decision," *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009), and we will not reverse unless "there is no reasonable evidence to support" the order, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," we will accept its findings of fact unless no reasonable evidence supports them. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

---

[1]        The superior court found that DCS failed to prove the termination ground alleged as to Mother.

¶11 Father does not challenge the superior court's determination that an adequate statutory ground for termination existed regarding the Children. *See Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 14 n.6 (App. 2011) (failure to develop argument on appeal results in abandonment and waiver of issue). Instead, he contends the court erred in finding that termination was in the Children's best interests. "Whether severance is in the child's best interests is a question of fact for the juvenile court to determine," and we draw all reasonable inferences in favor of the superior court's findings. *Jesus M.*, 203 Ariz. at 282, ¶ 13.

¶12 "[T]he best interests inquiry focuses primarily upon the interests of the child, as distinct from those of the parent." *Kent K.*, 210 Ariz. at 287, ¶ 37. Best interests is a fact-specific, case-by-case determination in which the court balances a parent's interest in maintaining a relationship with his or her child (diluted by the existence of a severance ground) against the child's interest in a safe and stable home life. *See Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 15 (2016); *Kent K.*, 210 Ariz. at 286, ¶ 35. A severance must either affirmatively benefit the child or eliminate a detriment of the parental relationship. *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 8 (App. 2016).

¶13 The superior court found that severance would benefit the Children and was in their best interests because it would eliminate the risk of continued abuse from Father. Father does not challenge the court's findings that he willfully abused E.V. *See Britz v. Kinsvater*, 87 Ariz. 385, 388 (1960) (finding that when the trial court's findings are not challenged on appeal, we "may assume that their accuracy is conceded"). Severance would certainly affirmatively benefit the Children as they would not be subjected to Father's abuse if left alone with him while in his custody. *Dominique M.*, 240 Ariz. at 98, ¶ 8.

¶14 Additionally, the superior court found that termination was in the Children's best interests because their current placement was meeting their needs and they were adoptable. Reasonable evidence supports these conclusions. A DCS case manager testified that the Children are placed with their paternal aunt and uncle and the placement is meeting all of their needs. She further testified that the Children are adoptable, and it is likely that the Department will find a placement with relatives who are willing to adopt, if they are not returned to Mother's care. Therefore, the court did not err in finding that severance from Father was in the Children's best interests.

## CONCLUSION

**¶15** Accordingly, we affirm the superior court's termination of Father's parental rights to the Children pursuant to A.R.S. § 8-533(B)(2).

