NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BREIGE H., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.W., *Appellees*.

No. 1 CA-JV 18-0198
FILED 5-14-2019

Appeal from the Superior Court in Maricopa County
No. JD529056
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Chief Judge Samuel A. Thumma joined.

**C A T T A N I**, Judge:

¶1 Breige H. ("Mother") appeals the superior court's order terminating her parental rights as to her daughter, A.W.[1] For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 In July 2015, the Department of Child Safety ("DCS") filed a dependency petition alleging that Mother was unable to parent A.W. due to substance abuse, domestic violence, and neglect. A.W. was placed with her maternal grandparents, and she was found dependent as to Mother in December 2015.

¶3 Mother has a history of chronic substance abuse, often following a pattern of brief sobriety and then relapse, and DCS provided a case plan of family reunification and services aimed at treating Mother's substance abuse. Mother first used marijuana and alcohol at the age of 14, methamphetamine at 16, and heroin at 17. She sought treatment for her substance abuse in December 2013 but relapsed shortly after treatment. In early 2014, she attended another treatment program, but she did not complete the program and relapsed on heroin. Then in 2015, DCS began providing Mother with drug testing services. That year, Mother failed to appear for testing on 12 out of 17 occasions, and when she did submit to testing, she tested positive for amphetamines, THC, and heroin. Mother also failed to appear for three scheduled substance abuse assessments, and she was closed out for non-participation in December 2015.

¶4 In May 2016, Mother was admitted to a residential treatment facility, and for a time appeared to be progressing well, but she was later

_____

[1] After conducting a separate severance hearing, the superior court terminated the parental rights of A.W.'s father. He is not a party to this appeal.

asked to leave the program and relapsed shortly thereafter. In early 2017, Mother attended and completed the Lifewell treatment program, but she relapsed after completing the program. She tested positive for drugs several times, and submitted multiple diluted drug tests. In June 2017, Mother was arrested for driving under the influence, her fifth substance abuse-related arrest.

¶5 In light of Mother's ongoing substance abuse, as well as concerns over her parenting abilities and A.W.'s need for permanency, DCS requested and the court changed the case plan to severance and adoption. DCS moved for severance on grounds of substance abuse and 15 months' out-of-home placement, *see* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3), (8)(c), and the superior court conducted a severance hearing. After the hearing, the superior court terminated Mother's parental rights as to A.W., finding both statutory grounds for severance and that severance was in A.W.'s best interests.

¶6 Mother timely appealed, and we have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶7 Termination of parental rights requires clear and convincing evidence of a statutory ground set out in A.R.S. § 8-533(B), *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000), and proof by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 284, 288, ¶¶ 22, 41 (2005). We view the evidence in the light most favorable to affirming the superior court's ruling and will not overturn the court's findings unless no reasonable evidence supports them. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

## I. Substance Abuse.

¶8 Mother argues that the superior court erred by finding clear and convincing evidence that severance was warranted based on substance abuse. Under A.R.S. § 8-533(B)(3), parental rights may be severed based on substance abuse if the "history of chronic substance abuse renders the parent 'unable to discharge parental responsibilities' and 'reasonable grounds' exist to 'believe that the conditions will continue for a prolonged indeterminate period.'" *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 17 (App. 2016). Chronic substance abuse is not necessarily constant substance abuse, and temporary abstinence must be balanced against a parent's significant history of drug abuse and relapse. *Id.*

**¶9**         Mother claims that DCS did not establish that her substance abuse would continue for a prolonged indeterminate period, asserting that she has been sober since July 2017. But the record demonstrates that Mother has repeatedly relapsed after brief periods of sobriety, rendering uncertain any prospects for long-term sobriety. *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010). As the trier of fact, the superior court properly considered evidence of Mother's prior substance abuse, prior efforts at sobriety, and prior relapses in determining whether reasonable grounds existed to believe Mother's substance abuse would continue, notwithstanding a current period of sobriety. *See Jennifer S.*, 240 Ariz. at 287, ¶ 20. And the record supports the court's finding that Mother had not resolved her substance abuse issues.

**¶10**        As detailed above, Mother began using drugs when she was 14 years old and never stopped completely, despite frequent efforts and brief pauses. She participated in services at four treatment facilities in five years but was not able to remain drug free. Although Mother claims to have been sober since July 2017, she provided a diluted urinalysis in January 2018, and a family member testified that Mother knew how to dilute her tests. The record thus supports the superior court's finding that reasonable grounds existed to believe Mother's substance abuse would likely continue for a prolonged indeterminate period.

**¶11**        Mother also claims the superior court erred by finding that her substance abuse rendered her unable to discharge her parental responsibilities, noting that she had taken parenting classes and had demonstrated appropriate parenting skills. To sever parental rights based on substance abuse, the superior court must find that the parent's chronic substance abuse renders her unable to discharge "parental responsibilities," which include those duties that persons of ordinary intelligence understand a parent to owe to her child. *Raymond F.*, 224 Ariz. at 377–78, ¶¶ 19–20. And the record here demonstrates that Mother's substance abuse rendered her unable to discharge those responsibilities.

**¶12**        Mother and A.W. were living in a home without electricity and were facing eviction, and Mother abused drugs in front of A.W. After A.W. was placed with her grandparents, Mother struggled to appropriately discipline A.W. during visitations, often becoming angry and cursing. Mother once threatened to "slit [A.W.'s] throat," and on another occasion, she caused bruises "up and down" A.W.'s leg. Mother disappeared "for days" without contacting A.W. A.W. was confused about Mother's parental role in her life and struggled to bond with others. She also displayed aggression and other behavioral issues when Mother was living

in the same home in 2017, and those issues did not subside until Mother moved out. Accordingly, the record supports the superior court's finding as to Mother's inability to discharge her parental responsibilities.[2]

## II. Best Interests.

**¶13** Next, Mother argues that the superior court erred by finding that severance was in A.W.'s best interests. To find that termination of parental rights is in the child's best interests, the superior court must conclude that the child would benefit from severance or be harmed by a denial of severance. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150, ¶ 13 (2018).

**¶14** Mother claims that severance is not in A.W.'s best interests because Mother is bonded to her child. But in light of the issues described above, "[t]he existence and effect of a bonded relationship between a biological parent and a child, although a factor to consider, is not dispositive in addressing best interests." *See Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 12 (App. 2016).

**¶15** Mother also claims that severance is not in A.W.'s best interests because Mother is employed, has a residence, and has children's items for A.W. The court must look at the totality of the circumstances, however, in assessing best interests, *see id.* at 99, ¶ 12, and the circumstances here support the superior court's best interests finding. The court concluded that A.W. would benefit from severance because her grandparents provided her with a stable, loving home and were willing to adopt. Because a best interests finding may be supported by benefits to the child resulting from a potential adoption that provides the child with stability, *see Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3–4, ¶ 12 (2016), the superior court did not abuse its discretion by finding that termination was in A.W.'s best interests.

---

[2] Because sufficient evidence supports the superior court's finding of substance abuse as a ground for severance, we need not address Mother's arguments pertaining to the other severance ground of 15 months' out-of-home placement. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

## CONCLUSION

¶16        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA