NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ERIN S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.L., *Appellees.*

No. 1 CA-JV 21-0312
FILED 2-17-2022

---

Appeal from the Superior Court in Maricopa County
No. JD37170
The Honorable Todd F. Lang, Judge

**AFFIRMED**

---

COUNSEL

Law Office of Ed Johnson PLLC, Peoria
Edward D. Johnson
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1        Erin S. ("Mother") appeals the juvenile court's order terminating her parental rights to her minor child, J.L. (born in 2018).[1] Mother challenges only the court's finding that termination was in J.L.'s bests interests. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        The Department of Child Safety ("DCS") responded to a report that Mother tested positive for THC and methamphetamines, and J.L. was born exposed to those substances. Mother thereafter agreed to engage in "in-home" services—including family preservation and mental health services, random uranalysis ("UA") testing, and substance abuse counseling—and comply with a 24/7 safety plan. In March 2019, DCS temporarily removed J.L. from Mother's custody after Mother failed to comply with the services and plan. Two months later, J.L. was adjudicated dependent as to Mother and the juvenile court affirmed a case plan of family reunification, which was later changed to termination and adoption.

¶3        DCS offered Mother various other reunification services, including a psychological evaluation, individual counseling, parent-aide services (skills-building and visitation), continued UA testing and substance abuse treatment, medication management, and transportation to participate in services and court hearings. Between May 2019 through March 2021, Mother inconsistently complied with these services. She often failed to participate in UA testing, and when she did, she regularly tested positive for THC, cocaine, methamphetamines, and amphetamines. Thus, DCS moved to terminate Mother's parental rights pursuant to the chronic substance abuse and fifteen-months' time in out-of-home placement grounds. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3), (8)(c). Despite this development, Mother failed to consistently participate in UA testing and

---

[1]        The parental rights of J.L.'s father, Terry L., were also terminated, and he is not a party to this appeal.

tested positive for THC and methamphetamines during April and May 2021. She also failed to engage in further UA testing leading up to the contested termination trial in September.

**¶4**         At trial, a parent aide and the ongoing DCS case manager testified. The case manager testified J.L. had been placed with her paternal aunt for more than two years, who had been meeting J.L.'s needs in a safe, loving environment and was willing to adopt her, and J.L. was otherwise adoptable. The case manager further testified that terminating Mother's parental rights would benefit J.L., allowing her to have permanency in a stable home.

**¶5**         After taking the matter under advisement, the court terminated Mother's parental rights, finding clear and convincing evidence to support termination and finding by a preponderance of the evidence that termination would be in J.L.'s best interests. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. § 8-235(A) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶6**         Mother appeals only the court's finding that termination of her parental rights was in J.L.'s best interests.

**¶7**         To terminate a parent's rights, the court must find clear and convincing evidence to support at least one statutory ground for termination. A.R.S. § 8-533(B); Ariz. R.P. Juv. Ct. 66(C). It must also find, by a preponderance of the evidence, that termination is in the child's best interests. *Id.* When the child will either benefit from termination or be harmed by continuing the parent-child relationship, termination is in that child's best interests. *Alma S. v. DCS*, 245 Ariz. 146, 150, ¶ 13 (2018) (citations omitted). A child may benefit if a current adoptive plan exists, *see Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 6 (1990), or if DCS can show the child is adoptable, *Alma S.*, 245 Ariz. at 150–51, ¶¶ 13–14. The court may also consider whether the existing placement meets the child's needs and adoption is otherwise legally possible and likely. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3–4, ¶ 12 (2016). Ultimately, the court's primary concern during the best-interests inquiry is "protecting a child's interest in stability and security." *Id.* at 4, ¶ 15 (citing *Kent K. v. Bobby M.*, 210 Ariz. 279, 286, ¶ 34 (2005)). We do not reweigh evidence on appeal and will affirm the court's factual findings if supported by reasonable evidence. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

**¶8**      Citing the court's acknowledgment of her bond with J.L., Mother contends reasonable evidence does not support the court's finding that termination of her parental rights was in J.L.'s best interests, given the "totality of the circumstances of this case." But she does not dispute the court's best-interests findings. Rather, Mother merely disagrees with the court's weighing of the evidence. We will not, however, reweigh evidence on appeal. *Id.*; *see also Dominique M. v. DCS*, 240 Ariz. 96, 98, ¶ 9 (App. 2016) (explaining that mother's claim DCS failed to show termination was in the children's best interests because she shared a bond with her children improperly sought to have appellate court reweigh evidence). The record in this case supports the juvenile court's findings that termination is in J.L.'s best interests, including that J.L. needed permanency and stability and that Mother's ongoing struggles with sobriety made it impossible for her to safely and effectively parent.

**CONCLUSION**

**¶9**      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4