NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CASEY G., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.D., C.G., INTERVENERS,
*Appellees*.

No. 1 CA-JV 22-0144
FILED 12-13-2022

Appeal from the Superior Court in Maricopa County
No. JD38193
The Honorable Todd F. Lang, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann[1] joined.

**C R U Z**, Judge:

¶1        Casey G. ("Father") appeals the superior court's order terminating his parental rights as to the children, A.D. and C.G.[2] We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In September 2020, the Department of Child Safety ("DCS") filed a dependency petition as to A.D. and C.G. due to Father's alleged substance abuse and domestic violence. DCS alleged Father had a current and long history of abusing substances and engaged in domestic violence with the children's mother while they were present. DCS removed the children from the parents' care and placed them with their maternal grandmother. The court found both children dependent as to Father and adopted a family reunification case plan.

¶3        DCS referred Father for substance-abuse treatment and testing, a psychological evaluation, individual counseling with a domestic violence component, and parent aide services including supervised visitation. Father graduated from standard outpatient substance-abuse treatment to recovery maintenance in December 2020, but between November 2020 and March 2021, Father did not comply with required

---

[1]      Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes ("A.R.S.") section 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

[2]      The superior court also terminated the mother's parental rights to the children. The mother is not a party to this appeal.

substance-abuse testing. During this time, Father also became "erratic" and "aggressive" toward the children's mother, the parenting aide, and the children. After Father failed to appear at the evidentiary hearing regarding his parenting time, the court suspended Father's visits with the children, and Father refused to continue participating in parent aide services.

¶4            During his psychological evaluation, Father reported completing "numerous" substance-abuse treatment programs, about three years of methadone treatment, substance-abuse treatment while in jail, and Terros' substance-abuse treatment during the children's dependency. The psychologist found a history of substance-use disorder and recommended Father continue recovery maintenance and participate in individual counseling. DCS gradually resumed Father's visitation and referred Father to Sage Counseling for individual counseling, domestic violence education, and anger management classes, but Sage Counseling unsuccessfully discharged Father after he failed to complete anger management classes and individual counseling.

¶5            Between June and September 2021, Father repeatedly tested positive for fentanyl and returned to standard outpatient substance-abuse treatment at DCS' request. Father participated in treatment but again tested positive for fentanyl in December 2021.

¶6            The court changed the case plan to termination and adoption in January 2022, and DCS moved to terminate Father's parental rights on the substance abuse and the fifteen-months' out-of-home placement grounds. The court held a contested hearing and terminated Father's parental rights on both grounds finding it was in the children's best interests.

¶7            Father timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1), and 8-235(A).

## DISCUSSION

¶8            Father claims the superior court erred in terminating his parental rights on both the substance abuse and the fifteen-months' out-of-home placement grounds. The superior court may terminate parental rights if DCS proves any § 8-533(B) statutory ground by clear and convincing evidence, *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000), and if termination is in the children's best interests as proven by a preponderance of the evidence, *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005). We do not reweigh evidence on appeal, and we will affirm the

3

superior court's factual findings if supported by reasonable evidence. *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 97, ¶ 6 (App. 2016).

I.     Substance Abuse Ground

**¶9**     Father argues the superior court's order terminating his parental rights on the substance-abuse ground is not supported by reasonable evidence, but he does not challenge the court's best interests findings.  The superior court may terminate a parent's rights under A.R.S. § 8-533(B)(3) if it finds by clear and convincing evidence "the parent is unable to discharge [their] parental responsibilities because of . . . a history of chronic abuse of dangerous drugs [or] controlled substances," and there are "reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."  In addressing termination pursuant to A.R.S. § 8-533(B)(3), the court may consider any admissible evidence, including evidence of the length and frequency of the substance abuse, the substances abused, the behaviors associated with the abuse, prior efforts to maintain sobriety, and prior relapses in determining whether reasonable grounds exist to believe the condition will continue for a prolonged period. *See Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 20 (App. 2016).

**¶10**     The record supports the court's order.  Father has admittedly struggled with substance abuse for over ten years, including abusing cocaine, pills, Oxycodone, opiates, heroin, fentanyl, and methamphetamine and has a lengthy criminal history related to his substance abuse.  Father claims he remedied his substance abuse by completing an "overwhelming amount of services and treatment" and argues there is no reason to believe his substance-abuse history "remains a significant, unresolved problem at the present."  Father participated in methadone treatment since December 2017, completed about seven months of the Mosaic treatment program while in county jail, successfully graduated from standard outpatient treatment three times, and still attends Alcoholics Anonymous "religiously."  But Father relapsed twice after completing standard outpatient treatment and admitted the relapses were concerning.  Father also showed only "partial compliance" with required drug testing and continued to test positive for illicit drugs even after DCS removed the children from his care and as recently as four months before the termination hearing.

**¶11**     Father participated in substance-abuse treatment for at least six years yet began abusing new illicit substances and has shown an inability to maintain his sobriety.  Although Father testified he has not relapsed since completing his most recent treatment, temporary abstinence

does not outweigh a parent's "significant history of abuse" or the parent's "consistent inability to abstain" from substances. *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010).

**¶12** Father's history of substance abuse supports the court's finding that he is unable to discharge his parental responsibilities, and he admits his substance abuse has hurt the children. The DCS case manager testified A.D. throws up at the prospect of visits with Father and often soils his pants after said visits. The testimony was also that C.G. has been diagnosed with failure to thrive. There are reasonable grounds to believe Father's substance abuse will continue for a prolonged indeterminate period as evidenced by his decade-long struggle with addiction to an increasing variety of illicit substances, even after receiving substance-abuse services. The record supports the court's order terminating Father's parental rights. For the foregoing reasons, termination pursuant to A.R.S. § 8-533(B)(3) is supported.

## II.    Fifteen-Months' Out-of-Home Placement Ground

**¶13** Although termination of Father's rights was also based on the fifteen-months' out-of-home placement ground, because we affirm on grounds of substance abuse, we need not evaluate whether reasonable evidence supported the court's order on other grounds. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) (citations omitted).

## CONCLUSION

**¶14** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA