NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

IN RE TERMINATION OF PARENTAL
RIGHTS AS TO M.B., J.L., and X.L.

No. 1 CA-JV 23-0070
FILED 7-27-2023

Appeal from the Superior Court in Maricopa County
No. JD39998
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

David W. Bell, Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the court's decision, in which Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**W I L L I A M S**, Judge:

¶1          Anastashia M. ("Mother") appeals the termination of her parental rights. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2          Mother has three children (born in 2014, 2020, and 2021) that are the subject of this appeal. In 2020, the Department of Child Safety ("DCS") received a report that Mother's second child had been born substance exposed. DCS investigated. Mother admitted to regularly using fentanyl throughout her pregnancy, using THC occasionally, and taking methamphetamine just days before giving birth. DCS removed both children from Mother's care and filed a dependency petition. The juvenile court found both children dependent and adopted a case plan of family reunification.

¶3          DCS offered Mother a variety of reunification services, including substance abuse aid. Mother was diagnosed with an opioid use disorder and began regular drug testing. In the following months, she repeatedly tested positive for fentanyl. After testing negative once in early 2021, she disengaged with services and was closed out of the program due to a lack of engagement.

¶4          In late 2021, Mother gave birth to a third child, who was also born substance exposed to fentanyl and other drugs. DCS removed the child from Mother's care, filed a supplemental dependency petition as to the third child, and again offered substance abuse services. Mother's participation was limited.

¶5          Nearly one year later, at DCS's request, the court changed the case plan to severance and adoption and DCS moved to terminate Mother's parental rights to all three children. At the termination adjudication hearing, Mother testified about her substance abuse history, her bond with her children, and that her disengagement in substance abuse services was due to technical malfunctions. Mother admitted that the longest period of

sobriety she had maintained throughout the proceedings was roughly two weeks.

**¶6**        The juvenile court found DCS had proven two grounds for termination: (1) prolonged substance abuse and (2) length of time the children had been in an out-of-home placement. The court also found that termination was in the children's best interests and, consequently, terminated Mother's parental rights.

**¶7**        Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1), 12-2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 601(a).

## DISCUSSION

**¶8**        Mother does not challenge either statutory ground justifying termination, only whether the termination was in the children's best interests. Whether termination was in the children's best interests is a question of fact. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002). We will affirm a juvenile court's decision "if reasonable evidence and inferences support [it]." *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 18 (2018).

**¶9**        In conducting the best interests inquiry, the juvenile court must find that the "child[ren] would [either] benefit from a severance *or* be harmed by the continuation of the relationship." *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990). In doing so, the court must evaluate the totality of the circumstances. *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 99, ¶ 12 (App. 2016).

**¶10**        Mother contends that termination was not in the children's best interests because "[she] and the children have a significant bond." Record evidence confirms that bond. But "[t]he existence . . . of a bonded relationship between a biological parent and a child, although a factor to consider, is not dispositive in addressing best interests." *Dominique M.*, 240 Ariz. at 98, ¶ 12.

**¶11**        Despite the bond between Mother and the children, the juvenile court found that: (1) the children needed permanency, (2) each child had a "stable bond with their respective placements," (3) each child was adoptable, (4) the children would benefit from termination, and (5) by terminating Mother's rights, the children would avoid "a potentially harmful relationship with [Mother] who ha[s] not demonstrated an ability

to address [her] substance abuse." Reasonable evidence supports the court's findings. On this record, Mother has shown no error.

**CONCLUSION**

¶12        We affirm.

