NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO M.S.

No. 1 CA-JV 24-0177

FILED 07-15-2025

Appeal from the Superior Court in Maricopa County
No. JD27411
The Honorable Suzanne Cohen, Judge

**AFFIRMED**

COUNSEL

Thomas A. Vierling, Phoenix
*Counsel for Appellant Father*

Maricopa County Legal Advocate's Office, Phoenix
By Amanda L. Adams
*Counsel for Child M.S.*

Arizona Attorney General's Office, Phoenix
By Veronica F. Rios
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

---

**T H U M M A**, Judge:

¶1        Robert S. (Father) challenges the superior court's order terminating his parental rights to his child M.S. on chronic substance-abuse and six-months time-in-care grounds. Father argues the court improperly found that termination was in M.S.' best interests. Because Father has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        M.S. was born substance exposed to methamphetamine in May 2023 and taken into care by the Department of Child Safety (DCS).[1] M.S. was found dependent in November 2023, when Father did not contest the allegations, and the court adopted a family reunification case plan.

¶3        Reunification services focused on substance abuse as well as visitation. Father reported using methamphetamine for more than three decades. He was released from prison in 2021 on a felony conviction for selling methamphetamine. During the dependency, Father tested positive twice for methamphetamine. Father participated in supervised visits, but failed to regularly participate in drug testing and substance abuse treatment.

¶4        In March 2024, the court changed the case plan to severance and adoption. In May 2024, DCS filed a motion for termination, alleging chronic substance abuse and six-months time-in-care. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(3), (8)(b) (2025).[2]

---

[1] Mother did not contest the termination of her parental rights and is not a part of this appeal.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶5**　　　In September 2024, the court held an adjudication on the motion to terminate, where Father and a DCS Child Safety Specialist testified. The Child Safety Specialist testified to the services provided to Father and his failure to engage in drug testing or substance abuse treatment. Father contended that he did not need drug testing or substance abuse treatment because he had not been charged with anything and had not harmed M.S. Father also claimed that he is not using illegal drugs, which the court found not credible. The Child Safety Specialist testified that M.S. was doing very well, was adoptable, was placed with her biological brother and that the placement wanted to adopt M.S.

**¶6**　　　In October 2024, the court granted the motion for termination. The court found that DCS had proven by clear and convincing evidence the statutory grounds alleged, and by a preponderance of the evidence that termination was in the best interests of M.S. This Court has jurisdiction over Father's timely appeal under A.R.S. §§ 8-235(A), 12-120.21 and 12-2101(A)(1).

## DISCUSSION

**¶7**　　　As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000); *Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights as long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

**¶8**　　　Father does not challenge the court's findings on the statutory grounds of prolonged substance abuse and six-months time-in-care. Nor does Father challenge any of the court's factual findings, meaning he has conceded them on appeal. *See Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536 ¶ 9 (App. 2018). Instead, he argues that the court's best interests finding was erroneous.

¶9            "[A] determination of the child's best interest[s] must include a finding as to how the child would benefit from a severance or be harmed by the continuation of the relationship." *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990) (citations omitted). The "child's interest in stability and security" must be the court's primary concern. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4 ¶ 15 (2016) (citation omitted). In making its determination, the court must consider the totality of the circumstances, including whether the current placement is meeting the child's needs, the child's adoptability and the parent's efforts towards rehabilitation. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 148 ¶ 1 (2018); *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶¶ 10–11 (App. 2016). This court views the record in the light most favorable to upholding the best interests finding, and findings of fact are to be affirmed "if reasonable evidence and inferences support them." *Demetrius L.*, 239 Ariz. at 3 ¶ 9 (citation omitted).

¶10            Father argues that there is insufficient trial evidence to find either that termination would benefit M.S. or that denial of termination would be a detriment to M.S. That is not the case. The superior court found that M.S. would benefit from termination because she is doing well in her placement, where she has been since being taken into care. The court found that termination would ensure stability and permanency for M.S. The court also found that M.S. is adoptable and her current placement, who has already adopted M.S.' sibling, is willing to adopt her. The court added that another placement could be identified if her current placement could not adopt for any reason. These findings are supported by the trial record.

¶11            The superior court further found that failure to terminate Father's rights would be a detriment to M.S. because, if she was returned to Father's care, she would be at risk of harm given his substance abuse issues. The court also found that Father's substance abuse will likely continue, given the positive test results, Father's lack of effort in addressing the issue and his significant history of substance abuse. Again, these findings were supported by the trial record.

¶12            Father is essentially asking this court to reweigh the evidence, something this court will not do. Instead, this court's "task for factual findings is solely to confirm that there is some reasonable evidence in the record to sustain them." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 336 ¶ 14 (App. 2004) (citation omitted). On the record presented, Father has shown no error in the findings that M.S. would benefit by termination of Father's parental rights and be harmed if termination was denied.

**CONCLUSION**

¶13  The order terminating Father's parental rights to M.S. is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:    JR