NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LETICIA P., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.A., L.A., *Appellees*.

No. 1 CA-JV 19-0397
FILED 9-22-2020

Appeal from the Superior Court in Maricopa County
Nos. JD531997, JS519254
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Tom Jose
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**        Leticia P. ("Mother") appeals the juvenile court's order terminating her parental rights. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        Mother and Jorge A.P.[1] ("Father") are the parents of two children, A.A. and L.A. (the "Children"), born in 2007 and 2011, respectively. Prior to 2017, the Texas Department of Family and Protective Services ("Texas DFPS") had contact with the parents over reports of domestic violence and abuse. In early 2017, Mother signed a document purporting to award custody of the Children to Father. Father placed the Children with various relatives, including the paternal grandparents in Arizona.

**¶3**        In May 2017, Mother traveled to Arizona and took the Children back to Texas. Over the next two months, Mother fought with her oldest child, the Children's half-sister, causing Mother to be hospitalized for her injuries and the half-sister to dislocate her knee.

**¶4**        In July 2017, Texas DFPS removed the half-sister from Mother's custody and Mother sent the Children to live with their paternal uncle. The next month, the paternal uncle placed the Children with the paternal grandparents in Arizona. Once the Children had been relocated to Arizona, Texas DFPS did not intervene.

**¶5**        In April 2018, the paternal grandparents obtained temporary guardianship of the Children in Arizona. The guardianship, which Mother then contested, was terminated in October 2018 when a dependency petition was filed. In April 2019, the Arizona Department of Child Safety ("DCS") petitioned for termination of the parent-child relationship. In

---

[1] The parental rights of Father and "John Doe," a fictitious male, were terminated, but neither are a party to this appeal.

October and November 2019, a three-day dual dependency and termination adjudication hearing was held. After taking the matter under advisement, the juvenile court issued a detailed ruling terminating Mother's parental rights to the Children based on: (1) abandonment, (2) abuse, and (3) neglect, also finding that termination was in the best interests of the Children. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

**DISCUSSION**

**¶6** We review a severance ruling for an abuse of discretion, accepting the court's factual findings unless clearly erroneous, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004), and view the evidence in the light most favorable to sustaining the court's ruling, *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008). Because the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if reasonable evidence supports the order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)).

I.  *Reasonable Evidence Supports the Juvenile Court's Finding that Mother Abandoned the Children.*

**¶7** "To justify termination of a parent-child relationship, the [juvenile] court must find, by clear and convincing evidence, at least one of the statutory grounds set out in [A.R.S. §] 8-533," and find, by a preponderance of the evidence "that termination is in the best interest[s] of the child[ren]." *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000); *accord* Ariz. R.P. Juv. Ct. 66(C). Abandonment, as defined in A.R.S. § 8-531(1), is one statutory ground for termination:

> [T]he failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

Abandonment is measured by a parent's conduct, not by her subjective intent. *Michael J.*, 196 Ariz. at 249, ¶ 18.

¶8 Mother contends she did not abandon the Children because she tried maintaining telephone contact with them, though unsuccessful, throughout the pendency of the case. Mother further argues that the juvenile court precluded her from having in-person contact with the Children. However, even before the dependency was initiated, Mother had not seen the Children for nearly a year while they were in paternal grandparents' care. And, only after the grandparents obtained temporary guardianship did Mother seek to regain custody of the Children. Further, although the juvenile court suspended Mother's in-person visitation after the Children suffered "traumatic reactions" from her attempted reintroduction into their lives, Mother could have still maintained some parent-child relationship by sending cards, gifts, letters or financial support. Mother provided none and blames DCS for failing to offer up how to provide financial support.

¶9 The "burden to act as a parent rests with the parent," *id.* at 251, ¶ 25, and where the parent makes "only minimal efforts to communicate with the child[ren]," the court may find that the parent has abandoned them, *Kenneth B. v. Tina B.*, 226 Ariz. 33, 37, ¶ 18 (App. 2010). The record supports the juvenile court's findings that Mother "failed to maintain a normal parental relationship with the [C]hildren . . . failed to undertake any of the myriad of responsibilities associated with parenting . . . [and] [i]nstead . . . left those obligations to others." We cannot say, based upon this record, that the court erred in finding Mother abandoned the Children.

¶10 Because we affirm the juvenile court's order based on abandonment, we need not address whether termination was appropriate under A.R.S. § 8-533(B)(2) on the grounds of abuse and/or neglect of the Children. *See Jesus M. v. Ariz. Dep't. of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

II. *Reasonable Evidence Supports the Juvenile Court's Finding that Terminating Mother's Parental Rights Was in the Children's Best Interests.*

¶11 DCS also must prove, by a preponderance of the evidence, that terminating a parent's rights would be in the children's best interests.

A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41 (2005). We review the best interests finding for an abuse of discretion. *See Titus S. v. Dep't of Child Safety*, 244 Ariz. 365, 369, ¶ 15 (App. 2018). The court must find either that the children would benefit from severance or suffer continued harm from the relationship. *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990).

**¶12** Mother contends she is fit and able to take care of the Children, and maintains that while the Children lived with her in Texas, she "cared for them, comforted them, had a good relationship with them, did not abuse them, and they were not afraid of her."

**¶13** In making a best interests finding, however, the juvenile court must "evaluate the totality of the circumstances." *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 99, ¶ 12 (App. 2016). Here, the court made clear it "considered the totality of the circumstances, including [Mother's] efforts toward reunification, the parent-child bond, and fitness to parent." The court specifically noted the Children are adoptable and are thriving in their current placement. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5 (App. 1998) (indicating two factors the court "may properly consider in favor of severance" are "the immediate availability of an adoptive placement" and "whether an existing placement is meeting the needs of the child"). The court also properly considered potential detriments to the Children if the parent-child relationship with Mother continued, including exposure to an environment of domestic violence, as well as physical and emotional abuse. On this record, the juvenile court did not abuse its discretion in finding termination was in the Children's best interests.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED: AA