NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TIFFANY W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, K.H., *Appellees*.

No. 1 CA-JV 21-0104
FILED 9-21-2021

Appeal from the Superior Court in Maricopa County
No. JD35549
The Honorable Karen A. Mullins, Judge, *Retired*

**AFFIRMED**

COUNSEL

Law Office of H. Clark Jones LLC, Mesa
By H. Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

**¶1** Tiffany W. ("Mother") appeals the superior court's order terminating her parental rights to her minor child, K.H. (born in 2015).[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2** In January 2018, the Department of Child Safety ("DCS") received a report alleging that K.H., then two-years-old, had been admitted to the Phoenix Children's Hospital because she was severely underweight, such that she was diagnosed for "failure to thrive." DCS subsequently provided Mother a 90-day period to demonstrate her ability to care for K.H. Failing to do so, DCS temporarily removed K.H. from Mother's custody in March 2018. Mother had attributed K.H.'s weight to being a "petite child" and a "finicky" eater. Further, according to DCS, Mother struggled with mental health issues and was unable to provide a stable environment for K.H. In August 2018, K.H. was adjudicated dependent as to Mother and the superior court affirmed a case plan of family reunification, which later changed to a case plan of termination and adoption.

**¶3** DCS offered Mother various reunification services, including psychological evaluations, mental health counseling—based partly on her diagnoses of generalized anxiety, depressive, attention deficit hyperactivity, and personality disorders—therapeutic visitations with K.H., and transportation to participate in services and court hearings. While Mother largely participated in services, she continued to exhibit concerning behavior. During visits, Mother brought expired food for K.H., failed to appreciate K.H.'s emotional cues—becoming upset, for example, if K.H. did not want to play—and was unable to regulate her own emotions. Related to her mental health diagnoses, Mother inconsistently complied with her medication regiment and had taken unprescribed medication.

---

[1] The parental rights of K.H.'s alleged father, R.H., were also terminated, and he is not a party to this appeal.

**¶4** In August 2019, DCS moved to terminate Mother's parental rights under the fifteen-months' time in out-of-home placement ground. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(8)(c). A two-day contested termination trial was held in February 2021. At trial, the ongoing case worker testified, as well as a representative from the therapeutic-visitation agency, a doctor who performed one of the psychological evaluations of Mother, and Mother herself.

**¶5** After taking the matter under advisement, the court terminated Mother's parental rights, finding clear and convincing evidence to support termination. The court further found termination would be in K.H.'s best interests. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. § 8-235(A) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶6** Mother appeals only the court's finding that termination of her parental rights was in K.H.'s best interests.

**¶7** To terminate a parent's rights, the court must not only find clear and convincing evidence to support at least one statutory ground for termination, A.R.S. § 8-533(B); Ariz. R.P. Juv. Ct. 66(C), but must also separately find by a preponderance of the evidence that termination is in the child's best interests, *id.*, including a finding as to how the child will either benefit from severance or be harmed by continuing the parent-child relationship, *Alma S. v. DCS*, 245 Ariz. 146, 150, ¶ 13 (2018) (citations omitted). A child may benefit if a current adoptive plan exists, *see Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 6 (1990), or if DCS can show the child is adoptable, *Alma S.*, 245 Ariz. at 150–51, ¶¶ 13–14. The court may also consider whether the existing placement meets the child's needs and adoption is otherwise legally possible and likely. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3–4, ¶ 12 (2016). Ultimately, the court's primary concern during the best-interests inquiry is "protecting a child's interest in stability and security." *Id.* at 4, ¶ 15 (citing *Kent K. v. Bobby M.*, 210 Ariz. 279, 286, ¶ 34 (2005)). We do not reweigh evidence on appeal and will affirm the court's factual findings if supported by reasonable evidence. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

**¶8** While Mother contends reasonable evidence does not support the court's finding that termination of her parental rights was in K.H.'s best interests, she does not dispute the court's best-interests findings supporting termination. To that end, she has conceded the accuracy of these findings.

*See Britz v. Kinsvater*, 87 Ariz. 385, 388 (1960). The substance of Mother's argument amounts to her dissatisfaction with the court's weighing of the evidence, which we will not reweigh here. *Mary Lou C.*, 207 Ariz. at 47, ¶ 8; *see also Dominique M. v. DCS*, 240 Ariz. 96, 98, ¶ 9 (App. 2016) (explaining that mother's claim that DCS failed to show termination was in the children's best interests because she shared a bond with her children improperly sought to have this appellate court reweigh evidence).

**¶9**        Here, the court found that K.H. would benefit if Mother's parental rights were terminated. Since July 2019, K.H. had been placed with her current foster parents, who diligently provided for all K.H.'s needs such that her "failure to thrive issues" disappeared. The court determined this was the least restrictive placement because no family members were capable or available to care for K.H. on a permanent basis. K.H.'s current foster parents desired to adopt her and the DCS case manager testified that K.H. was otherwise adoptable. The court also found that not terminating Mother's parental rights would be detrimental to K.H., since it had concluded there was "no reasonable possibility" that Mother would ever be able to safely parent K.H. These findings are supported by the record, and Mother has otherwise conceded their accuracy.

## CONCLUSION

**¶10**        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA