NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO B.G.

No. 1 CA-JV 22-0185
FILED 1-24-2023

Appeal from the Superior Court in Maricopa County
No. JD39557
The Honorable David O. Cunanan, Judge (Retired)

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

---

**W I L L I A M S**, Judge:

¶1            Dakota B. ("Mother") appeals the superior court's order terminating her parental rights. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2            Dakota B. and Tre G. ("Father")[1] have one child together. The child was born in 2015.

¶3            The Arizona Department of Child Safety ("DCS") first became involved in 2016 when it received a report that Mother was driving under the influence of methamphetamine with the child unsecured in the front seat of the vehicle.

¶4            In 2018, DCS learned that Mother pled guilty to felony child abuse for leaving the child unattended in a vehicle. Mother was on probation at the time for an unrelated offense and admitted to her probation officer that she had recently used methamphetamine on three separate occasions. Mother also failed to enroll in substance abuse treatment as a term of her probation.

¶5            In 2020, DCS contacted Mother after receiving a report that Mother backed into someone, while the child was in the vehicle, and then left the scene. In the ensuing investigation, a DCS investigator observed a text message from Mother soliciting drugs.

¶6            DCS took custody of the child, placing him with relatives, and initiated a dependency action. The superior court subsequently found the child dependent.

¶7            Mother was offered a variety of services, including substance-abuse treatment and testing, parent-aide services, and

---

[1] Father's parental rights were also terminated, but he is not a party to the appeal.

supervised visitation. But Mother largely failed to participate in any services over the next two years, including never once submitting to a drug test.

¶8        Mother did complete an intake assessment for substance-abuse treatment in 2020. Based upon Mother's self-reported history of past (but not current) methamphetamine and opioid use, the provider recommended group therapy and parenting classes but did not recommend substance-abuse treatment. Regardless, Mother never engaged in either service and was closed out unsuccessfully months later. DCS referred Mother for substance-abuse treatment three more times over the next two years, but each time the referral was closed out because of Mother's lack of response.

¶9        Mother similarly did not engage in parent-aide services and those were closed out unsuccessfully in early 2021. Mother was inconsistent in attending supervised visits with the child, and the referral for visitation services closed in late 2021, again because of Mother's lack of participation. Also in late 2021, Mother was arrested for possessing narcotic drugs (more than thirty fentanyl pills) and drug paraphernalia.

¶10        DCS moved to terminate Mother's parental rights in February 2022 on grounds of (1) chronic substance-abuse, (2) nine months in an out-of-home placement, and (3) fifteen months in an out-of-home placement.

¶11        After DCS moved for termination, Mother visited the child more consistently but still failed to drug test. Months later, after the termination trial had begun, Mother began a parenting program for the first time and completed another substance-abuse treatment intake.

¶12        The superior court held the termination trial over two days, the first in May and the second in June. At the end of trial, the court found that DCS had proven all three grounds alleged in its motion for termination. The court also found that termination was in the child's best interests.

¶13        Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 601(a).

## DISCUSSION

¶14        Mother argues that no reasonable evidence supports the superior court's order terminating her parental rights because she has

"recently become involved" in services and there is an "absence of recent, credible evidence of [her] drug [use]." We disagree.

¶15        Parental rights are fundamental, but not absolute. *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 97, ¶ 7 (App. 2016). A court may terminate a parent's right in the care, custody, and management of their child "if it finds clear and convincing evidence of one of the statutory grounds for severance, and also finds by a preponderance of the evidence that severance is in the best interests of the child[]." *Id.* at 97-98, ¶ 7.

¶16        We review a termination order for an abuse of discretion, accepting the court's factual findings unless clearly erroneous, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004), and view the evidence in the light most favorable to sustaining the court's ruling, *see Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if reasonable evidence supports the order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)).

¶17        Fifteen months in an out-of-home placement is one statutory ground authorizing termination. A.R.S. § 8-533(B)(8)(c). The superior court may terminate a parent-child relationship under that ground if DCS has made a diligent effort to provide appropriate reunification services and:

> The child has been in an out-of-home placement for a cumulative total period of fifteen months or longer pursuant to court order or voluntary placement pursuant to [A.R.S.] § 8-806, the parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future.

*Id.*

¶18        Mother admits the child has been at an out-of-home placement for more than fifteen months, and she does not challenge the superior court's finding that DCS made a diligent effort to provide appropriate reunification services as required by A.R.S. § 8-533(8).

**¶19** Instead, Mother argues that DCS's concerns about her drug use were based on unreliable and outdated information, and that Mother had "not used illegal substances for years before the child was removed." But reasonable record evidence paints a different picture. First, in 2020 when the child was about four years old, a DCS investigator saw Mother's text message soliciting drugs. Second, a year after the child was removed from Mother's care, Mother was arrested for possessing narcotic drugs and drug paraphernalia. Third, Mother failed to submit to a single drug test throughout the entirety of the case, which spanned more than two years, and closed out of substance-abuse services for lack of contact three times. *See Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 21 (App. 2016) (upholding superior court's termination of Mother's parental rights based on substance abuse grounds due, in part, to Mother's failure to engage in treatment and refusal to take most of her required drug tests). Reasonable evidence supports the superior court's finding that Mother had been "unable to remedy the circumstances that caused the child to be in an out-of-home placement," and that there existed "a substantial likelihood" that Mother was not "capable of exercising proper and effective parental care and control in the near future."

**¶20** And though Mother highlights the substance-abuse intake (which she completed after the termination trial had begun), her voluntary enrollment in relapse prevention services, and the amelioration of her homelessness and depression, hers is a case of "too little, too late." *Maricopa Cnty. Juv. Action No. JS-501568*, 177 Ariz. 571, 577 (App. 1994); *see Raymond F. v. Arizona Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010) ("Father's temporary abstinence from drugs and alcohol does not outweigh his significant history of abuse or his consistent inability to abstain during this case."); *see also Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 288, ¶ 25 (App. 2016) ("Although Mother made efforts to achieve and maintain sobriety in the months immediately preceding the severance hearing, [they do] not outweigh her significant history of drug abuse or her demonstrated inability to remain sober during much of the case.") On this record, Mother has shown no error.

**¶21** Because we affirm on the fifteen months in an out-of-home placement ground, we need not address Mother's claims pertaining to chronic substance-abuse or nine months in an out-of-home placement. *Jesus M. v. Arizona Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

**¶22** Lastly, Mother does not challenge the superior court's finding that termination was in the child's best interests. Consequently, we do not address it. *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 6 (App.

5

2017) ("[W]e adhere to the policy that it is generally not our role to sua sponte address issues not raised by the appellant."); *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 14 n.6 (App. 2011) (recognizing that the failure to develop an argument on appeal usually results in abandonment and waiver of the issue).

## CONCLUSION

**¶23** For the foregoing reasons, we affirm the superior court's order terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:   AA