NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO Y.G. and Y.G.

No. 1 CA-JV 22-0213
FILED 3-9-2023

---

Appeal from the Superior Court in Maricopa County
No. JD40557
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Emily M. Stokes
*Counsel for Appellee Arizona Department of Child Safety*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Jennifer M. Perkins and Judge Angela K. Paton joined.

---

**W I L L I A M S**, Judge:

**¶1**　　　　Yessica V. ("Mother") appeals the superior court's order terminating her parental rights to her children. For reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　Mother has two children, born in 2019 and 2021. In 2021, the Arizona Department of Child Safety ("DCS") received a report that Mother was failing to properly care for the children. DCS investigated and removed the children from Mother's home. A dependency petition followed.

**¶3**　　　　DCS served Mother with the dependency petition, along with the following notice:

> [Y]our failure to personally appear in court at the initial hearing, pretrial conference, status conference or dependency adjudication, without good cause shown, may result in a finding that you have waived your legal rights and have admitted the allegations in the Petition. In addition, if you fail to appear, without good cause, the hearing may go forward in your absence and may result in an adjudication of dependency [or] termination of your parental rights . . . based upon the record and the evidence presented to the court . . . .

DCS also served Mother a copy of the superior court's order setting an initial dependency hearing that warned:

> [Y]our failure to appear without good cause may result in a finding that you have waived your legal rights and have admitted the allegations in the Petition. In addition, if you fail to appear without good cause, the hearings may go forward in your absence and may result in an adjudication of dependency [or] termination of your parental rights . . . based upon the record and evidence presented to the Court . . . .

¶4        Mother appeared at the initial dependency hearing, where the court instructed Mother to meet with her attorney to review and complete "Form 1"—a standard form notifying parents of their rights and responsibilities in a dependency action. Mother's counsel later emailed Form 1 to Mother. Form 1 warned:

> If you fail to attend the [dependency hearings] without good cause, the Court may determine that you have waived your legal rights and admitted the allegations in the dependency petition. The Court may go forward with the Dependency Adjudication Hearing in your absence and may rule that your child is dependent based on the record and evidence presented. . . . If you do not participate in reunification services or fail to attend further proceedings without good cause, the Court may terminate your parental rights . . . .

Mother never signed Form 1.

¶5        When Mother failed to appear at the dependency pre-trial conference, the superior court found that Mother had "waiv[ed] her right to contest the proceedings," and adjudicated the children dependent.

¶6        Two months later, DCS moved to terminate Mother's parental rights. DCS served Mother's counsel with a termination motion and a notice of the initial termination hearing. The notice warned:

> [Y]our failure to personally appear in court at the initial hearing, pretrial conference, status conference, or termination adjudication, without good cause shown, may result in a finding that you have waived your legal rights and have admitted the allegations in the Motion. In addition, if you fail to appear without good cause, the hearing may go forward in your absence and may result in termination of your parental rights based upon the record and the evidence presented to the Court.

¶7        Mother did not appear at the initial termination hearing and the court held a termination trial in her absence. Mother's counsel had the opportunity to present evidence, make objections, and cross-examine DCS's witnesses on Mother's behalf. At the conclusion of the hearing, the court stated it would terminate Mother's parental rights and "provide detailed findings" in a later order.

**¶8** Before the court issued its written termination order, Mother moved the court to reconsider the termination of her parental rights. The court denied Mother's motion and issued its written order terminating Mother's parental rights.

**¶9** Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Juvenile Procedure ("Rule") 601(a).

## DISCUSSION

**¶10** Mother does not challenge the sufficiency of the evidence supporting grounds for terminating her parental rights, nor that termination was in the children's best interests. Similarly, Mother makes no claim that good cause existed for her failure to appear at the initial termination hearing, or that she lacked notice or was improperly served. *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 6 (App. 2017) ("[W]e adhere to the policy that it is generally not our role to sua sponte address issues not raised by the appellant."); *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 14 n.6 (App. 2011) (recognizing that the failure to develop an argument on appeal usually results in abandonment and waiver of the issue).

**¶11** Mother's sole contention is that the superior court violated her due process rights by conducting the initial termination hearing in her absence when she had not been properly admonished regarding the consequences of her failure to appear under Rule 352(f)(1)(C). We review the interpretation and application of procedural rules and constitutional issues de novo. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442, ¶ 15 (2018); *Alice M. v. Dep't of Child Safety*, 237 Ariz. 70, 72, ¶ 7 (App. 2015).

**¶12** Parental rights are fundamental, but not absolute. *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 97, ¶ 7 (App. 2016). A court may terminate parental rights "under certain circumstances, so long as the parents whose rights are to be severed are provided with 'fundamentally fair procedures' that satisfy due process." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005) (quoting *Santosky v. Kramer*, 455 U.S. 745, 754 (1982)). "In termination proceedings, [d]ue process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 92, ¶ 16 (App. 2005) (alteration in original) (quotation omitted). But due process rights may be waived, so long as the waiver is "voluntary, knowing, and

intelligent." *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 211, ¶¶ 19–20 (App. 2008).

**¶13** Under Rule 352(f)(1), the superior court "may proceed with the termination adjudication hearing if the parent fails to appear at the initial termination hearing without good cause." The court must find that the parent had notice of the initial termination hearing, was properly served, and, under subsection (C):

> [H]ad been admonished regarding the consequences of failing to appear at the initial termination hearing, including a warning that the adjudication hearing could go forward in the parent's absence, and that failing to appear may constitute a waiver of rights and an admission of the allegations in the termination petition or motion.

Ariz. R.P. Juv. Ct. 352(f)(1)(C). Adherence to this rule ensures that a parent voluntarily, knowingly, and intelligently waives her right to fully contest a termination motion by failing to appear. *See Manuel M.*, 218 Ariz. at 211, ¶ 20.

**¶14** Mother contends Form 1 was an inadequate admonition under Rule 352(f)(1)(C). She argues that it "did not contain any warning that failure to attend a hearing in a termination action may result in severance of the parent-child relationship," and that it is Form 4 that provides this warning. Mother maintains she ever received Form 4.

**¶15** Rule 352(f)(1)(C) does not require that a parent be admonished through Form 4 of the consequences of her failure to appear before adjudicating a termination motion in a parent's absence. *See also* Ariz. R.P. Juv. Ct. 352(e) (providing that court *may* provide parent with Form 4 at the initial termination hearing). Indeed, Rule 351(c)(2) complements Rule 352(f)(1)(C) by requiring the notice of the initial termination hearing to advise the parent of the consequences of her failure to appear. Accordingly, this court has determined that DCS can provide the required admonishment in its notice of hearing. *See Jeanne A. v. Dep't of Child Safety*, No. 2 CA-JV 2019-0074, 2019 WL 4187361, at *3, ¶ 10 (Ariz. App. Sept. 4, 2019) (mem. decision); *see also Angelica G. v. Dep't of Child Safety*, No. 2 CA-JV 2017-0148, 2017 WL 6336880, at *2, ¶¶ 9–10 (Ariz. App. Dec. 12, 2017) (mem. decision) (determining parent was put on notice about hearing and the risks of failing to attend by DCS motion and notice, despite no Form 3 being signed).

**¶16**     Likewise, the juvenile rules do not suggest that admonishments regarding the consequences of a parent's failure to appear expire, nor do the rules require new admonishments be given when the course of litigation changes. In *Kimberly M. v. Dep't of Child Safety*, No. 2 CA-JV 2021-0032, 2021 WL 3878636, at *2, ¶ 9 (Ariz. App. Aug. 31, 2021) (mem. decision), this court determined a parent was sufficiently admonished by a warning given in a previous (and ultimately dismissed) termination action more than a year before the termination motion at issue was filed.

**¶17**     Mother's warnings of the consequences of her failure to appear for scheduled hearings were not limited to the warnings in Form 1. Both DCS and the superior court warned Mother at the beginning of the dependency action of the potential consequences of her failure to appear for any hearing—including the possibility of her parental rights being terminated.

**¶18**     On this record, Mother's due process rights were not violated.

## CONCLUSION

**¶19**     For the foregoing reasons, we affirm the superior court's termination order.



AMY M. WOOD • Clerk of the Court
FILED:     AA