NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.R.

No. 1 CA-JV 23-0032
FILED 6-22-2023

Appeal from the Superior Court in Maricopa County
No. JS21309
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Law Office of Ed Johnson PLLC, Peoria
By Edward D. Johnson
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

¶1 Francisco R. (father) appeals the superior court's order terminating his parental rights to A.R. Because he has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 A.R. was born in 2009 to father and mother, who never married. In 2014, in a family court proceeding, the court ordered equal parenting time but required no child support from either parent. A few years later, mother married another individual.

¶3 Father exercised his parenting time until December 2020, when A.R. indicated she no longer wanted to visit him. For the next two years, father did not exercise parenting time and did not contact A.R. or send her any cards, gifts, letters or support. Nor did he seek further court orders.

¶4 In July 2022, mother and her husband petitioned to terminate father's parental rights based on abandonment. Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(1)(2023).[1] In October 2022, father texted mother asking to see A.R. and suggested they begin counseling; mother responded that A.R. did not wish to see father. After a December 2022 adjudication, the superior court terminated father's parental rights, and he timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A) and 12-2101(A), and Ariz. R.P. Juv. Ct. 601-03.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**¶5**        Father challenges the superior court's abandonment finding. This court will reverse an order terminating parental rights only if the factual findings are clearly erroneous or not supported by the record. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377 ¶ 2 (App. 1998). This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

**¶6**        Abandonment occurs when a parent fails to "provide reasonable support and to maintain regular contact with the child, including providing normal supervision." A.R.S. § 8-531(1). The court must consider whether the parent has provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parent-child relationship. *Id.* A parent must act persistently to pursue the parent-child relationship, despite any obstacles that may arise. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 250 ¶ 22 (2000). Failure to maintain a normal parent-child relationship without just cause for a period of six months is prima facie evidence of abandonment and creates a rebuttable presumption of abandonment. A.R.S. § 8-531(1).

**¶7**        Father argues he did not intend to abandon A.R., but abandonment is measured by a parent's conduct, not subjective intent. *Michael J.*, 196 Ariz. at 249-50 ¶ 18. The record shows that, for more than two years, father did not visit with A.R., did not have contact with her and did not provide her emotional or financial support. He made very limited efforts to communicate with A.R. and did not seek to exercise or enforce his parenting time. This evidence supports the court's finding that, although father loves A.R., he "made choices that resulted in the deterioration of the normal parent-child relationship."

**¶8**        Father argues mother interfered with his ability to maintain a relationship with A.R. He asserts mother did not allow him to see A.R. or participate in her life, "respond to any of his [multiple] attempts to contact her" or "reach out to [him] to facilitate the relationship." But mother testified that she did not interfere with or prevent father's relationship with A.R. Mother explained that father knew where they lived, and she had not changed her phone number or A.R.'s school or dance studio.

¶9            Ultimately, the superior court found that father had "engaged in very limited efforts to communicate with" A.R., a finding supported by the record. Father testified that he was blocked from contacting A.R. on her cell phone, after which he tried calling mother and went to their home a few times but received no response. Mother's failure to respond to his calls, however, does not amount to the substantial and persistent interference required to rebut the presumption of abandonment. *See Calvin B. v. Brittany B.*, 232 Ariz. 292, 293 ¶ 1 (App. 2013) (noting parent may rebut presumption of abandonment by showing the other parent "persistently and substantially restricted his interaction with his child"). Recognizing there was conflicting trial evidence, father has shown no error in the court's abandonment finding.

¶10          Father next argues the superior court erred in finding severance was in A.R.'s best interests because no evidence showed that continuing his relationship with A.R. would harm her. Father also argues that he and his extended family had a strong bond with A.R. for most of her life.

¶11          A party seeking termination must show by a preponderance of the evidence that termination is in the best interests of the child. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284 ¶ 22 (App. 2015). Best interests is proven by evidence that "the child would benefit from a severance or be harmed by the continuation of the relationship." *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990). In assessing best interests, the court "must consider the totality of the circumstances existing at the time of the severance determination, including the child's adoptability and the parent's rehabilitation." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 148 ¶ 1 (2018).

¶12          Here, the superior court found that A.R. wants permanency and stability in her life; she identifies stepfather as her father and wants him to adopt her. The court also found stepfather "communicates with the child, participates in her extracurricular activities, and provides her with the type of emotional support a parent would provide a child. [He] provides for the child financially and supports her academically. [He] is bonded to the child" and wishes to adopt her. Though the court found "no evidence that the child would be harmed if the Court denied the request to terminate the parent-child relationship," reasonable evidence supports these findings.

**¶13** The superior court recognized that father loves A.R. and that he "previously had a healthy relationship" with her, but that "his actions since 2019 have resulted in a deterioration of their prior bond." *See Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98-99, ¶ 12 (App. 2016) ("The existence and effect of a bonded relationship between a biological parent and a child, although a factor to consider, is not dispositive in addressing best interests."). Given this trial evidence, father has shown no error in the finding that severance was in the best interests of A.R.

## CONCLUSION

**¶14** The order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA