NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO K.B.

No. 1 CA-JV 25-0069

FILED 11-03-2025

Appeal from the Superior Court in Maricopa County
No. JD42868
The Honorable Michael Rassas, Judge

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Phoenix
By Yu-Shan "Sunny" Kuo
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1        Gabriella P. (Mother) appeals the termination of her parental rights to her son K.B. Because Mother has shown no error, the termination order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        K.B. was born in California in September 2020. Although Mother cared for K.B. for a time, in August 2021, she left the child with Johnny B. (Father). Sometime in 2022, Mother moved to Ohio, seeking support from her family. K.B. remained in California with Father. Then, in December 2022, Father moved with K.B. to Arizona. Mother has lived in Ohio since 2022, and has never lived in Arizona.

¶3        In May 2023, the Department of Child Safety (DCS) received a report that another child in Father's care died after being abused by Father. DCS removed K.B. from Father's care and filed this dependency.[1] The court found K.B. dependent as to Mother in May 2023, when she did not contest DCS' allegations, and adopted a family reunification case plan. The parties agreed, and the court ordered, that services for Mother would include a substance abuse assessment, and that she would "self refer in Ohio" for parenting classes.

¶4        Later in 2023, DCS inquired about placing K.B. with Mother in Ohio through an Interstate Compact for Placement with Children request. That request was denied, given Mother's instability in housing and employment and concerns about her participation in services.

¶5        DCS provided Mother reunification services, including parenting classes, substance abuse testing and treatment, visitation and other services. Mother did not participate in some services and was inconsistent in participating in others. Although participating in one three-day in-person visit facilitated by DCS, that was the only time Mother had in-person contact with K.B. during the dependency. Mother was inconsistent in virtual visits, missing more than 10 such visits in 2024. Mother failed to drug test or participate in a substance abuse assessment, or in treatment. Mother was argumentative about the results of a psychological evaluation, which showed concerns about her ability to parent, and did not engage in a psychiatric evaluation that DCS set up in Ohio. Mother's engagement with DCS and services waned over time.

---

[1] DCS later moved to terminate Father's parental rights, that motion was granted and Father is not a party to this appeal.

**¶6**        In October 2024, noting "[t]here has been little progress in this case," the court changed the case plan to severance and adoption. In November 2024, DCS moved to terminate Mother's parental rights to K.B., alleging abandonment and 15-months time-in-care. *See* Ariz. Rev. Stat. (A.R.S.) §§ 8-533(B)(1) & (8)(c) (2025).[2]

**¶7**        At a one-day severance adjudication in March 2025, Mother and the assigned DCS Child Safety Specialist testified, and the court received exhibits and heard argument. After taking the matter under advisement, in a May 2025 ruling, the court granted the motion to terminate Mother's parental rights. The court found that DCS had proven, by clear and convincing evidence, both statutory grounds and that termination was in K.B.'s best interests.

**¶8**        This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section, 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-2101(A) and 12-120.21(A) and Ariz. R.P. Juv. Ct. 601, 603.

## DISCUSSION

**¶9**        As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights as long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted). Mother argues that the superior court erred in finding abandonment and 15-months time-in-care as statutory grounds for termination and erred in finding termination was in K.B.'s best interests.

## I.        Mother Has Not Shown the Court Erred in Finding She Abandoned K.B.

**¶10**        Mother argues the court erred in finding she abandoned K.B., asserting she made "more than minimal efforts to communicate and maintain contact with him." The court may terminate the parent-child relationship if it finds clear and convincing evidence "[t]hat the parent has

---

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

abandoned the child." A.R.S. § 8-533(B)(1). There is a rebuttable presumption of abandonment when a parent "fail[s] to maintain a normal parental relationship for six months without just cause." *In re B.W.*, ___ Ariz. ___ ¶ 18, 572 P.3d 88, 94-95 (2025). The parent against whom termination is sought can defeat the presumption by showing "just cause" or presenting "evidence that disproves the alleged failure to maintain a normal parental relationship." *Id.* at 95 ¶ 18.

¶11     Mother conceded at trial that she had left K.B. in Father's care for 22 months and moved to Ohio. Between when she left K.B. with Father in August 2021 and when DCS took K.B. into care in May 2023, Mother had few interactions with K.B. Mother provided no cognizable justification or "just cause" for her long absence in K.B.'s life, which is contrary to any claim of having a "normal parental relationship" with the child. *See B.W.*, ___ Ariz. ___ ¶ 24, 572 P.3d at 96 ("[P]arents have 'just cause' when they had a reasonable and fair justification for not maintaining a normal parental relationship with the child . . . ."). The superior court concluded that "[a]t no time since she moved to Ohio did Mother serve as a parent or take on the responsibilities of a parent." The trial evidence supports that conclusion.

¶12     Mother argues that her conduct after DCS took K.B. into care in May 2023 constitutes "more than minimal efforts to communicate and maintain contact with" K.B. That argument, however, does not address her failure to parent for nearly two years from August 2021 to May 2023. Mother admitted that "she did not have in-person contact with K.B. since he was 11 months old" (August 2021) until after he was taken into care in May 2023. Even after May 2023, Mother did not provide reasonable support for K.B., maintain regular contact with the child, provide normal supervision or attempt to establish and strengthen an emotional bond with the child. *See Kenneth B. v. Tina B.*, 226 Ariz. 33, 37 ¶¶ 18, 21 (App. 2010). The superior court found K.B. "does not see Mother as his mother and is not bonded with her." In sum, Mother's sporadic efforts to establish a relationship with K.B. from Ohio after May 2023 do not negate the extended period of inaction supporting the abandonment finding. *See Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 8 (1990).

**¶13** The trial evidence fully supports the superior court's conclusion that Mother abandoned K.B. On this record, Mother has not shown that the court abused its discretion in finding abandonment and terminating parental rights on that basis.[3]

## II. Mother Has Not Shown the Superior Court Erred in Finding Termination was in K.B.'s Best Interests.

**¶14** Mother argues the superior court erred in finding termination was in K.B.'s best interests, claiming DCS "failed to ensure K.B. received timely behavioral health services" and the court failed to properly assess "the totality of circumstances." "[T]ermination is in the child's best interests if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150 ¶ 13 (2018). The court must consider the totality of the circumstances at the time of severance when making a best interests determination. *See id.* Factors to consider include whether the placement is meeting the child's needs, whether the child is adoptable, and whether the child is placed with a sibling. *See Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3-4 ¶ 12; *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 378 ¶ 6. The record is viewed in the light most favorable to upholding the best interests findings, which will be affirmed "if reasonable evidence and inferences support them." *Alma S.*, 245 Ariz. at 152 ¶ 21, 151 ¶ 18.

**¶15** As applied, the superior court found that K.B. is "placed in a loving, adoptable home free of violence, instability, and substance abuse. Placement has also adopted the child's half sibling." The court also found K.B. is adoptable, has been in the same adoptive placement for nearly two years and that placement was meeting all of his needs. The court found Mother's efforts, since K.B. has been in DCS' care, fall short of what is necessary to form a bond with K.B. *See Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98-99 ¶ 12 (App. 2016) (the existence of a parental bond with the child is a factor to consider but is not dispositive). The trial evidence supports these findings. On this record, Mother has shown no error in the court finding that K.B. would benefit from termination. *See, e.g., Alma S.*,

---

[3] Given this conclusion, this court does not address Mother's arguments addressing 15-months time-in-care as an alternative ground for termination. *See Michael J.*, 196 Ariz. at 249 ¶ 12; *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 3 (App. 2002) (where one statutory ground found by the superior court was proper, "we need not address claims pertaining to the other grounds") (citation omitted).

245 Ariz. at 152 ¶ 21; *Demetrius L.*, 239 Ariz. at 6 ¶ 22. Accordingly, she has shown no error in the best interests finding.

## CONCLUSION

**¶16**      The order terminating Mother's parental rights to K.B. is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR